UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

WEI QIU, Plaintiff,

v. Civil Action No. 1:22-cv-62-DJH-CHL

BOARD OF EDUCATION OF BOWLING
GREEN INDEPENDENT SCHOOLS, KY, Defendant.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Wei Qiu sued Defendant Board of Education of Bowling Green Independent Schools, Kentucky (the Board), alleging violations of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act. (Docket No. 1) The Board moves for dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (D.N. 5) Qiu responded in opposition (D.N. 6), and the Board replied. (D.N. 7) Subsequently, Qiu filed a sur-reply and a "Request to Amend" her sur-reply. (D.N. 8; D.N. 9) The Board moves to strike both the sur-reply and the "Request to Amend" as improper. (D.N. 10) Qiu then filed "Request to the Court to permit all her pleadings." (D.N. 12; D.N. 11) For the reasons set forth below, the "Request to the Court to permit all her pleadings" will be denied; the motion to strike both the sur-reply and the "Request to Amend" the sur-reply will be denied as moot; and the motion to dismiss for failure to state a claim will be granted.

**I.**

The following facts are set forth in the complaint and accepted as true for purposes of the present motion. *See Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020). Plaintiff Wei Qiu is an American citizen of Chinese origin. (D.N. 1, PageID.5) She is a highly qualified and licensed chemistry and physics teacher. (*Id.*) In June 2021, Qiu applied for an open chemistry-teacher position at Bowling Green High School by emailing "school leaders" her application

1

materials. (*Id.*) She also applied for three other math and science positions around the same time. (*Id.*) Qiu had not heard back about the positions by July 2021, so she emailed the school "to ask about her application." (*Id.*) The school informed her that "the positions were filled." (*Id.*) Qiu alleges that her application was "completely ignored" and that she "did not even have an interview for the positions" despite her high qualifications. (*Id.*) Qiu filed this suit on May 27, 2022, alleging that the Board discriminated against her based on her race, color, and national origin in violation of Title VII of the Civil Rights Act and the Kentucky Civil Rights Act. (*See* D.N. 1) The Board then moved to dismiss her complaint for failure to state a claim (D.N. 5), and the parties exchanged several filings in addition to the traditional response and reply briefs. (*See* D.N. 8; D.N. 9; D.N. 10; D.N. 11; D.N. 12)

**II.**

As an initial matter, the Court must determine which of the parties' many filings are proper under federal and local rules. After the Board moved to dismiss (D.N. 5), Qiu responded (D.N. 6), and the Board replied. (D.N. 7) Qiu then filed a sur-reply (D.N. 8), as well as a later "Request to Amend" her sur-reply. (D.N. 9) The Board moves to strike both documents as improper. (D.N. 10) Qiu ultimately filed a "Request to the Court to permit all her pleadings" along with a memorandum in support of her request. (D.N. 12; D.N. 11) Although they are not labeled as such, the Court will consider Qiu's "Request to Amend" and "Request to the Court to permit all her pleadings" as motions for leave to file additional sur-replies in order to evaluate whether they are permissible.

"Generally speaking, sur-replies are 'highly disfavored, as they are usually a strategic effort by the nonmoving party to have the last word on a matter.'" *Cousins Smokehouse, LLC v. Louisville Processing & Cold Storage, Inc.*, 588 F. Supp. 3d 753, 763 (W.D. Ky. 2022) (quoting

2

*Disselkamp v. Norton Healthcare, Inc.*, No. 3:18-CV-00048-GNS, 2019 WL 3536038, at *14 (W.D. Ky. Aug. 2, 2019)). Although neither the Federal Rules of Civil Procedure nor the local rules of the Court expressly permit the filing of sur-replies, *see* Fed. R. Civ. P. 7; *see* L.R. 7.1(c), "such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). When a reply "present[s] no new evidence or arguments," however, a motion for sur-reply should be denied. *Id.*; *see also Carter v. Paschall Truck Lines, Inc.*, 364 F. Supp. 3d 732, 748 (W.D. Ky. 2019) (denying leave to file a sur-reply when the defendant "did not make a new submission or argument in its Reply" and the information raised in the sur-reply "was already before the Court").

Qiu's sur-reply, "Request to Amend" her sur-reply, and "Request to the Court to permit all her pleadings" all raise the same argument. (*See* D.N. 8; D.N. 9; D.N. 12) Qiu maintains that because the Board did not expressly admit or deny the allegations in her complaint in its motion to dismiss, the Board has effectively admitted those allegations under Rule 8 of the Federal Rules of Civil Procedure. (*See* D.N. 8, PageID.45) It is true that a party generally must file an answer to the complaint within twenty-one days, Fed. R. Civ. P. 12(a)(1)(A)(i), and in that answer must admit, deny, or state that it lacks knowledge of all factual allegations. Fed. R. Civ. P. 8(b). The time to file an answer is tolled, however, if the defendant files a motion to dismiss under Rule 12, as the Board did here. Fed. R. Civ. P. 12(a)(4). (*See* D.N. 5) Therefore, Qiu's sur-reply, "Request to Amend" her sur-reply, and "Request to the Court to permit all her pleadings," merely restate an incorrect interpretation of the Federal Rules of Civil Procedure. They do not respond to "new evidence or arguments" in the Board's reply, and Qiu's ability to respond to any new evidence has

not "been vitiated." *Key*, 551 F. App'x at 265. Accordingly, the Court will deny both Qiu's "Request to Amend" her sur-reply (D.N. 9) and her "Request to the Court to permit all her pleadings." (D.N. 12) The Board's motion to strike both the sur-reply and the "Request to Amend" will therefore be denied as moot. (D.N. 10)  In considering the Board's motion to dismiss, the Court will consider only the motion itself (D.N. 5), Qiu's response (D.N. 7), and the Board's reply (D.N. 9), consistent with both federal and local rules. *See* Fed. R. Civ. P. 12; L.R. 7.1(c).

### III.

To avoid dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1]  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that she is entitled to relief. *Id*. at 679.  For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id*. (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  A complaint is not sufficient when it only "tenders naked

---

[1] The Board cites an out-of-date pleading standard in its motion to dismiss. (*See* D.N. 5-1, PageID.18–19 (citing *Conley v. Gibson*, 335 U.S. 41 (1957))  The Supreme Court retired *Conley's* "no set of facts" test in 2007. *Twombly*, 550 U.S. at 1959–60.  As discussed above, the current pleading standard was set forth by the Supreme Court in *Twombly* and *Iqbal*.  *See Mediacom Se. LLC v. BellSouth Telecomms., Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).

assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557).

**A.     What Documents to Consider**

To begin, the Court must determine what documents it may consider in reviewing the motion to dismiss. Qiu attached eleven pages of exhibits to her response, including an excerpt from the EEOC decision on her case and documentation regarding her qualifications for the teaching position. (*See* D.N. 6-2; D.N. 6-3; D.N. 6-4; D.N. 6-5) Generally, a court may not consider "documents attached in response to a motion to dismiss" as they are "merely 'matters outside the pleadings.'" *Simon Prop. Grp., L.P. v. CASDNS, Inc.*, No. 3:14-CV-566-CRS, 2015 WL 3407316, at *3 (W.D. Ky. May 26, 2015) (collecting cases). A court may consider some extraneous documents, including exhibits attached to the complaint, "public records, items appearing in the record of the case[, or] exhibits attached to a defendant's motion to dismiss so long as they are referred to in the complaint." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Qiu's exhibits do not fall into any of these categories. (*See* D.N. 6-2; D.N. 6-3; D.N. 6-4; D.N. 6-5) Although "a pro se complaint must be held to a less stringent standard than that prepared by an attorney," the Court may not "abrogate basic pleading essentials in pro se suits." *Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir. 2001) (citations omitted). The Sixth Circuit does not allow a plaintiff to "amend [her] complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (collecting cases). Thus, the Court will not consider the attached documents when evaluating the motion to dismiss. *See Simon Prop. Grp., L.P.*, 2015 WL 3407316, at *3.

**B.     Failure to State a Claim**

Qiu alleges that the Board discriminated against her based on her race, color, and national origin in violation of both Title VII of the Civil Rights Act and the Kentucky Civil Rights Act (KCRA). (D.N. 1, PageID.3–4)  Under Title VII, it is unlawful for an employer to "fail or refuse to hire . . . or otherwise to discriminate against an individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, . . . or national origin." 42 U.S.C. § 2000e-2(a)(1).  The KCRA contains a similar prohibition, and the Kentucky Supreme Court "interpret[s] the civil rights provisions of KRS Chapter 344 consistent with the applicable federal anti-discrimination laws." *Williams v. Wal-Mart Stores, Inc.*, 184 S.W.3d 492, 495 (Ky. 2005) (citing *Brooks v. Lexington–Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 802 (Ky. 2004)).  Because the KCRA largely mirrors Title VII, discrimination claims under the two statutes are analyzed using the same standard.  *See Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016) (citing *Hamilton v. Gen. Elec. Co.*, 556 F.3d 428, 435 (6th Cir. 2009)).  The Court will therefore evaluate Qiu's federal and state claims together.

To survive a motion to dismiss, a plaintiff alleging employment discrimination must "allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678–79), that the defendant "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, *because of* [her] race, color, religion, sex, or national origin." *Id.* (quoting 42 U.S.C. § 2000e–2(a)(1) (emphasis added)).  The Board argues that Qiu's complaint fails to meet this standard because, "she has alleged no facts connecting her race, color, or national origin to her allegation of employment discrimination." (D.N. 5-1, PageID.20)

6

The Board is correct that the complaint contains few factual allegations. (*See* D.N. 1) Qiu alleges that she is an American citizen of Chinese origin. (*Id.*, PageID.5) She further alleges that she is a "highly qualified" chemistry teacher who applied for a job at Bowling Green High School in June 2021. (*Id.*) In July 2021, the school informed her that the position had been filled. (*Id.*) Qiu alleges that the Board "completely ignored" her application despite her high qualifications because of her Chinese origin. (*Id.*)

Even construed in the light most favorable to Qiu, the complaint "is devoid of any facts which could produce an inference that Defendant unlawfully considered Plaintiff's national origin," color, or race when deciding not to hire her. *Masaebi v. Arby's Corp.*, 852 F. App'x 903, 906 (6th Cir. 2021) (affirming dismissal for failure to state a claim). The complaint does not allege that the Board or its employees "made any statements concerning h[er] race," or that they "engaged in any conduct whatsoever that could reasonably be interpreted as racially motivated." *Veasy v. Teach for Am., Inc.*, 868 F. Supp. 2d 688, 696 (M.D. Tenn. 2012). Qiu does not allege any facts to suggest the Board even knew her race or national origin. (*See* D.N. 1) Without some indication that race factored into the Board's decision, Qiu is left with only the bare legal conclusion that she was discriminated against. *See Tackett*, 561 F.3d at 488.

Furthermore, nothing in the complaint gives rise to a reasonable inference that Qiu was treated differently than anyone outside of her protected class. *See, e.g. Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 895 (N.D. Ohio 2010) (granting dismissal when the complaint did "not identif[y] a similarly situated member of an unprotected class who was treated differently"); *cf. Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744 (S.D. Ohio 2018) (denying dismissal when the complaint alleged that the plaintiff was a member of a protected class and was treated differently than employees outside of her class). Qiu does not state whether any other

applicants applied for the position, and if they did, whether they were of a different race, color, or national origin. (*See* D.N. 1)  The complaint likewise does not allege whether the individual who eventually filled the role was of a different race, color, or national origin than Qiu. (*See id.*)  The Sixth Circuit has made clear that "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012).  Thus, Qiu's "allegations of racial discrimination, which are entirely subjective as alleged, do not give rise to a fair inference" that racial discrimination actually took place. *Veasy*, 868 F. Supp. 2d at 696.  "Although dismissal on the pleadings is often inappropriate in employment discrimination cases where evidence of motive and discriminatory intent is frequently exclusively in the hands of defendants, this constitutes the rare case in which the allegations regarding discrimination [a]re so conclusory that no plausible claim could be inferred." *Masaebi* 852 F. App'x at 909.  The Court therefore finds that Qiu has failed to state a claim for discrimination and will grant the motion to dismiss. *See Keys*, 684 F.3d at 610.

### IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   Plaintiff Wei Qiu's "Request to the Court to permit all her pleadings" (D.N. 12) is **DENIED**.

(2)   Qiu's "Request to Amend" her sur-reply (D.N. 9) is **DENIED**.

(3)   The defendant's motion to strike both the sur-reply and the "Request to Amend" the sur-reply (D.N. 10) is **DENIED** as moot.

(4) The defendant's motion to dismiss (D.N. 5) is **GRANTED**. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket.

March 2, 2023

David J. Hale, Judge
United States District Court