```
                                                            FILED
                                                    JAMES J. VILT, JR. - CLERK

              UNITED STATES DISTRICT COURT              MAR 23 2023
              WESTERN DISTRICT OF KENTUCKY
                   LOUISVILLE DIVISION                 U.S. DISTRICT COURT
                    1:22 cv 62 DJH CHL                WEST'N. DIST. KENTUCKY
```

WEI QIU                                                         PLAINTIFF
V.
BOARD OF EDUCATION OF
BOWLING GREEN INDEPENDENT SCHOOLS, KY                           DEFENDANT

## PLAINTIFF WEI QIU'S MOTION TO RESPOND TO THE MEMORANDUM AND ORDER (DN 15) TO ASK THE COURT TO ALTER THE JUDGMENT BY FRCP RULE 59(e)

By FRCP Rule 59 (e), Plaintiff asks the court to alter the order to keep the case in the court to pursue justice for the errors of the fact and law in the Memorandum and Order (DN 15).

Before starting, some mistakes of the document number in the upper of Page 4 in the Memorandum and Order (DN15) need attention: Defendant's Motion to Dismiss is D.N.5; Qiu's response is D.N. 6; Defendant's reply is D.N. 7.

1. **The underlined in Page 5 in the Memorandum and Order (DN 15) is an error of law in federal court. EXHIBIT 1.**

Plaintiff filed this case with the form *Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination.* Being a Pro Se, Plaintiff was supposed to strictly follow its instruction. See E of the form: *The facts of my case are as follows.* It instructs: (*Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.*) The instruction looks like is for a Pro Se who is not able to write her facts that the form reminds her of attaching a copy of

her charge which was written by the investigator of EEOC. **NO OTHER INSTRUCTIONS.** EXHIBIT 2. The form is for Pro Se - it does not instruct to attach evidence. Plaintiff followed the instruction of the form. So, when Defendant dismisses the complaint, Plaintiff has the only opportunity to attach evidence to refute the dismiss in her reply. Plaintiff's reply to the dismiss is all about the complaint, and it does not add any other stuff to the complaint. All the caselaws in the Memorandum and Order (DN 15) are misplaced because it gets the facts wrong - the Memorandum and Order (DN 15) is in a different court which requires the complaint to be companied with evidence. It also is against FRCP Rule 11(b)(3) and (4) which require the facts in a motion must be with evidence support. **It is a manifest error of the law of the federal court.**

Also, *see a precedent case 5:21 cv 00197 GFVT, Qiu v. Board of Education of Scott County, KY. In the precedent case, Defendant intended to dismiss the case with lies in its DN 8, and Qiu replied to the dismiss with DN 9 in which she cracked the lies with attached evidence. The case is now at the stage of expecting the order to the summary judgment.* By the precedent case, Plaintiff's DN 6 to reply to Defendant's DN 5 is proper and valid. It is a mistake that the Memorandum and Order (DN 15) does not consider the facts supported with evidence in DN 6, and **it renders the Memorandum and Order (DN 15) a complete error of law and fact.**

Because of the manifest error of law and fact in the Memorandum and Order (DN 15), Plaintiff asks the court to alter the order that this case is kept in the court to pursue justice. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). See *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( *banc)(*Rule 59(e) is available to "correct manifest

2

errors of law or fact upon which the judgment is based."). FRCP Rule 62(b)(1): mistake, inadvertence, surprise, or excusable neglect.

## 2. The underlined in Page 1 and Page 2 in the Memorandum and Order (DN 15) devoids the evidence of the critical facts, and the order is against Title VII and justice. EXHIBIT 3.

The Memorandum and Order (DN 15) is an error of fact because it devoids the evidence of Plaintiff's qualification for the job for which Defendant absolutely and completely ignored Plaintiff's application and contact.

Plaintiff Wei Qiu applied and contacted the high school principals for the chemistry position and other three math and science positions. The principals received her support documents: The rate of her students achieved 5 was 38% while it was 6% in Kentucky in the AP chemistry exam; she earned the certificate of excellent content knowledge of chemistry from ETS for her score 185/200 in the Praxis exam, and a professor in the College of Education at the University of Kentucky said she earned the highest score of chemistry Praxis ever in Kentucky; she scored 163/200 to the passing score 133/200 in the physics Praxis exam, and she also scored very well in math Praxis exam. Her strong knowledge of math and science enables her to teach chemistry at a high level which had been proven by her outstanding AP chemistry exam report. Also, Plaintiff had very supportive references. EXHIBIT 4. **Plaintiff is super highly qualified for the chemistry position for Defendant.**

The principals of the high school in the city of Bowling Green knew Wei Qiu is Chinese by a glance at her name Wei Qiu. The principals received Qiu's resume in which Qiu's

3

college education was in China. The principals also read Qiu's education was in China in her teaching certificate. EXHIBIT 5. **The principals knew Wei Qiu is Chinese.** Knowing Qiu is Chinese, the principals ignored Qiu's application and contact for the job absolutely and completely despite her super qualification for its chemistry position. After one month of her application and contacting the principals, Qiu found out the positions were all filled without interviewing her. Principal Kyle McGraw did not explain it in writing. McGraw would like to explain it verbally that it disappears after speaking. EXHIBIT 6. The explanation for excluding Qiu the super highly qualified applicant is only Defendant discriminated against her as Chinese.

When this case is with EEOC, it was found out only Qiu the Chinese was not interviewed for the chemistry position, and all the other applicants were interviewed. Of the interviewed, a White/Caucasian named Rachel Saylor heavily failed her chemistry Praxis exam by 126 to the passing score of 138, but she got interviewed for the chemistry position. EXHIBIT 7.

**Defendant absolutely and unconditionally did not hire Chinese. It is about discrimination, not qualification.**

This case already proves: Defendant knew Plaintiff Wei Qiu is Chinese; Qiu is super qualified for the position; Defendant excluded Qiu from hiring; Defendant treat White/Caucasian much more favorably. **Defendant violated Title VII.** *Gibson*, 670 F.3d at 854 (quoting *Lake v. Yellow Transp., Inc.*, 596 F. 3d 871, 874 (8th Cir. 2010)).

*Charalambakis v. Asbury Univ.*, 488 S.W.3d 568, 576 (Ky. 2016). *The Board of Regents of Northern Kentucky University v. Weickgenannt*, 485 S.W.3d 299, 306 (Ky.2016).

4

**The Memorandum and Order (DN 15) is erroneous for it devoids the evidence of the critical fact that the order dismisses the case is wrong.**

The underlined in Page 1 and Page 2 (EXHIBIT 3) states: Qiu is of Chinese origin (protected class under Title VII); Qiu is highly qualified for Defendant's chemistry position for which she applied and contacted for; Defendant excluded her from the interview despite her high qualifications. (Defendant absolutely and unconditionally does not hire Chinese.) **All are facts.** In the scenario, Defendant is highly in suspicion that it violated TItle VII. It contains sufficient factual matter to state a claim to relief that is plausible on its face which allows the court to draw the reasonable inference. It needs discovery to determine if an applicant from an unprotected class was treated more favorably in the court. (It was found a White/Caucasian was treated much more favorably when this case was with EEOC.) This case meets the case laws *Gibson*, 670 F.3d at 854 (quoting *Lake v. Yellow Transp., Inc.*, 596 F. 3d 871, 874 (8th Cir. 2010)).

*Charalambakis v. Asbury Univ.*, 488 S.W.3d 568, 576 (Ky. 2016). *The Board of Regents of Northern Kentucky University v. Weickgenannt*, 485 S.W.3d 299, 306 (Ky.2016). **The order dismisses the case in the Memorandum and Order (DN15) is an error of law,** and it is against Title VII and justice. More, this case meets all the requirements of the case laws in Page 4 and Page 6 in the Memorandum and Order (DN 15).

**The order dismisses the case is a manifest error of both fact and law.** Because of the manifest error of law and fact in the Memorandum and Order (DN 15), Plaintiff asks the court to alter the order that this case is kept in the court to pursue justice. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). *See McDowell v. Calderon*, 197 F.3d 1253,

5

1255 n. 1 (9th Cir. 1999)( banc)(Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based."). FRCP Rule 62(b)(1): mistake, inadvertence, surprise, or excusable neglect.

### 3. The underlined is erroneous about fact in Page 6 and Page 7 in the Memorandum and Order (DN 15). EXHIBIT 8.

The Memorandum and Order (DN 15) is an error for it agrees with the error Defendant purposely produced. Plaintiff alleged the facts (her application and contact for the position she was highly qualified for and Defendant's absolute and unconditional ignorance of her) to Defendant's violation of Title VII based on her being Chinese in the complaint. EXHIBIT 9. Defendant made the erroneous statement purposely to stretch the case taking advantage of the rules of the Federal Rules of Civil Procedure. The Memorandum and Order (DN 15) is a manifest error of fact and law for it agrees with the error Defendant purposely produced. The Memorandum and Order (DN 15) does not know what is a fact.

Because of the manifest error of law and fact in the Memorandum and Order (DN 15), Plaintiff asks the court to alter the order that this case is kept in the court to pursue justice. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995). *See McDowell v. Calderon,* 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( banc)(Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based."). FRCP Rule 62(b)(1): mistake, inadvertence, surprise, or excusable neglect.

4. **The underlined in Page 7 and Page 8 in the Memorandum (DN 15) is crooked and messed up. EXHIBIT 10.**

It needs discovery to find out about the hiring, and it is why this case should go on for justice. The Memorandum and Order (DN 15) is such a mess that it needs stricken itself. Is DN 13 for a summary judgment?

5. **Plaintiff Wei Qiu's motion to reply (D.N. 6) EXISTS.**

Because Plaintiff Wei Qiu's motion to reply (D.N.6) EXISTS, this case should not be dismissed from the court.

## Conclusion

Plaintiff asks the court to deny Defendant's Motion to Dismiss, the DN 5.

**Plaintiff asks the court to alter the order in the Memorandum and Order (DN15) that this case can go on pursuing justice in the court for the sake of justice.**

Signature: Wei Qiu *Wei Qiu*     Date 3/23/2023
2398 Heather Way, Lexington, KY 40503     Phone: 859 797 3859     wqiu2000@gmail.com

### CERTIFICATE OF SERVICE

I, Wei Qiu, certify that on 3/   /2023, I sent a complete and accurate copy of this **PLAINTIFF WEI QIU'S MOTION TO RESPOND TO THE MEMORANDUM AND ORDER (DN 15) TO ASK THE COURT TO ALTER THE JUDGMENT BY FRCP 59(e)** by United States Postal Service to Lawyer Priest at English, Lucus, Priest, and Owsley, LLP at 1101 College Street P.O. Box 770, Bowling Green, KY 42102-0770. And it is sent to the email of Lawyer Priest.

Wei Qiu     *Wei Qiu*     Date   3/23/2023